**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE:  MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 No. 2:12-mn-00001 |
| CRAIG HILDEBRAND, *individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:12-cv-01261-DCN |
| vs. | ) ) | **ORDER** |
| MI WINDOWS AND DOORS, INC., | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on a motion to dismiss brought by defendant MI Windows and Doors, Inc. (MIWD).  For the following reasons, the court strikes Hildebrand's amended complaint and grants MIWD's motion to dismiss.  Hildebrand's complaint will be dismissed without prejudice.

**I.  BACKGROUND**

On December 6, 2011, plaintiff Craig Hildebrand filed a class action complaint against MIWD in the United States District Court for the Eastern District of New York, alleging jurisdiction based on diversity of citizenship.  The complaint brings the following eight claims:  unfair and deceptive trade practices in violation of the New York General Business Law; negligence; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; fraudulent misrepresentation; fraudulent concealment; unjust enrichment; and declaratory relief.

1

Hildebrand alleges that MIWD designed, manufactured, marketed, and sold certain windows – from its 3500, 4300, and 8500 series – that were defective. Hildebrand further alleges that these windows contained a defect that resulted in a loss of seal at the glazing bead at the bottom of the glass.  He also claims that the defective seal allows water to seep both into the windows themselves and into the interior of the homes in which the windows are installed, causing damage to both the windows themselves and to "other property within the home."  Compl. ¶¶ 5, 8, 18.

MIWD filed its motion to dismiss on March 30, 2012.  Hildebrand filed an amended complaint in this court on July 20, 2012, without either the court's leave or MIWD's consent.

## II.  STANDARDS

### A.  Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law.  Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1448 (2010) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)).  For diversity cases that are transferred in an MDL, "the law of the transferor district follows the case to the transferee district."  Manual for Complex Litigation (Fourth) § 20.132 (2004).  Therefore, this court must apply New York substantive law and federal procedural law.

### B.  Hildebrand's Amended Complaint

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its complaint once as a matter of course within 21 days of serving the complaint, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its complaint "only with the other party's written consent or the

court's leave."  Fed. R. Civ. P. 15(a)(2).  The Federal Rules instruct courts to "freely give

leave when justice so requires."  Id.  "A court should deny leave to amend or to serve a

supplemental pleading only upon undue delay, bad faith or dilatory motive on the part of

the moving party, undue prejudice to the nonmoving party, or futility."  Cummings-

Fowler v. Suffolk Cnty. Cmty. Coll., 282 F.R.D. 292, 296 (E.D.N.Y. 2012) (citing Foman

v. Davis, 371 U.S. 178, 182 (1962)); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404

F.3d 566, 603-04 (2d Cir. 2005).

### C.  MIWD's Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for

"failure to state a claim upon which relief can be granted."  When considering a Rule

12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true

and draw all reasonable inferences in the plaintiff's favor.  Clark Street Wine & Spirits v.

Emporos Sys. Corp., 754 F. Supp. 2d 474, 479 (E.D.N.Y. 2010).  But "the tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the

complaint states a "plausible claim for relief."  Id. at 679.  A complaint must contain

sufficient factual allegations in addition to legal conclusions.  Although Rule 8(a)(2)

requires only a "short and plain statement of the claim showing that the pleader is entitled

to relief," "a formulaic recitation of the elements of a cause of action will not do."  Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

## III.  DISCUSSION

The court must address the validity of Hildebrand's amended complaint before considering MIWD's motion to dismiss.

### A.  Hildebrand's Amended Complaint

Hildebrand filed his "amended complaint" on July 20, 2012, more than seven months after filing his original complaint, more than three months after MIWD filed its motion to dismiss, and more than two months after the case was transferred to this court. Even if the court could toll the Rule 15(a) deadlines during the period that the Judicial Panel on Multidistrict Litigation was considering transfer and consolidation, there is simply no way that the amended complaint can be deemed to have been filed within 21 days of the filing of either the original complaint or the motion to dismiss.

Hildebrand should have requested consent from MIWD or leave of this court before filing his amended complaint.  Fed. R. Civ. P. 15(a)(2).  He has done neither. Def.'s Reply in Supp. of Mot. to Dismiss 2 n.1.

For this reason, the court strikes Hildebrand's amended complaint.  While considering MIWD's motion to dismiss, the court will analyze both parties' arguments with reference to Hildebrand's original complaint.

### B.  MIWD's Motion to Dismiss

MIWD seeks dismissal of all counts of Hildebrand's complaint.   At the hearing on September 20, 2012, Hildebrand's counsel agreed that the implied warranty and fraud claims should be dismissed without prejudice.  Mot. to Dismiss Hr'g Tr. 2:6-15, Sept. 20, 2012.  Because the parties agree that these claims – Counts III, IV, V, and VI of the complaint – should be dismissed, the court will dismiss them without prejudice and without further discussion.

4

1.  **Count I – Unfair & Deceptive Trade Practices in Violation of New York General Business Law (GBL) §§ 349-350**

MIWD argues that Count I must be dismissed because Hildebrand fails to allege the necessary elements of this claim.

GBL § 349 prohibits deceptive business practices.  The essential elements of a cause of action under GBL § 349 are "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act." ExxonMobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., 328 F. Supp. 2d 443, 447 (S.D.N.Y. 2004).  A plaintiff making a claim under GBL § 349 must show causation, that is, "the plaintiff must show that the defendant's material deceptive act caused the injury." Gale v. Int'l Bus. Machs. Corp., 781 N.Y.S.2d 45, 47 (N.Y. App. Div. 2004).

GBL § 350 prohibits false advertising.  A plaintiff seeking to make out a GBL § 350 claim "must demonstrate that the advertisement (1) had an impact on consumers at large, (2) was deceptive or misleading in a material way, and (3) resulted in injury." Andre Strishak & Assocs., P.C. v. Hewlett Packard Co., 752 N.Y.S.2d 400, 403 (N.Y. App. Div. 2002).  In determining whether an act is deceptive or an advertisement is false, the test is whether the act or advertisement is "likely to mislead a reasonable consumer acting reasonably under the circumstances." Id.

In his complaint, Hildebrand alleges that MIWD "warranted, marketed, and advertised that the Windows were fit for the ordinary purpose for which such goods were used and were free from defects in materials and workmanship."  Compl. ¶ 2; see also id. ¶ 17.  Hildebrand further alleges that MIWD "knowingly misrepresented and intentionally omitted material information regarding its Windows by failing to disclose known defects," and that "[a]s a direct and proximate result of Defendant's violations of

5

GBL § 349 and § 350 . . . Plaintiff and the Class members have suffered and continue to suffer damages." Id. ¶¶ 28, 32. Elsewhere in the complaint, Hildebrand alleges that he and other class members have suffered damages because they have been forced to pay for the installation of replacement windows and because the defective windows have damaged other property within their homes. Id. ¶5.

Hildebrand's complaint does not make the causal connection between MIWD's action or advertisement and Hildebrand's injury. The complaint omits factual allegations that would demonstrate causation; it fails to allege that Hildebrand ever saw or heard a deceptive advertisement, act, or practice related to MIWD's windows. MIWD's allegedly deceptive business practices and advertising could not have caused Hildebrand's injuries if Hildebrand was unaware of the false advertisements, statements, or actions. The allegation that MIWD's actions directly and proximately caused Hildebrand's injuries does not satisfy the Rule 8 pleading standard described in Twombly and Iqbal. Rather, it is a legal conclusion that the court need not accept for purposes of this motion to dismiss. Count I will be dismissed without prejudice.[1]

### 2. Count II – Negligence

MIWD argues that Hildebrand's negligence claim is barred by the economic loss doctrine. Hildebrand responds that his negligence claim is not barred by the economic loss doctrine because the doctrine does not apply to damage to "other property."

In New York, "when a plaintiff suffers damages resulting from a nonaccidental cause, such as deterioration or breakdown of the product itself, the injury is properly characterized as 'economic loss' and the plaintiff is relegated to contractual damages."

---

[1] Because the court dismisses Count I on the basis of Hildebrand's failure to properly allege causation, the court need not consider MIWD's argument that it is not liable under GBL §§ 349-50 because it did not engage in "consumer-oriented conduct."

Praxair, Inc. v. Gen. Insulation Co., 611 F. Supp. 2d 318, 326 (W.D.N.Y. 2009) (citing

Schiavone Constr. Co. v. Mayo Corp., 436 N.E.2d 1322 (N.Y. 1982) (reversing lower

court decision)).  When damages are sought for the failure of a product to perform its

intended purpose, recovery is barred "for direct and consequential damages caused by a

defective and unsafe product."   Id., (citing Hodgson, Russ, Andrews, Woods &

Goodyear, LLP v. Isolatek Int'l Corp., 752 N.Y.S.2d 767, 769 (N.Y. App. Div. 2002));

Weiss v. Polymer Plastics Corp., 802 N.Y.S.2d 174, 175 (N.Y. App. Div. 2005)

(economic loss doctrine barred recovery for homeowners where application of a defective

synthetic stucco substance damaged the underlying plywood siding on a home);

Hemming v. Certainteed Corp., 468 N.Y.S.2d 789 (N.Y. App. Div. 1983) (economic loss

doctrine barred recovery for class of homeowners where defective siding caused damage

to the siding itself and consequential damages to homes).  The economic loss doctrine is,

however, inapplicable where the defective product causes damage to "other property."

Praxair, 611 F. Supp. 2d at 326.

Hildebrand does allege that MIWD's defective windows have caused damage to

"other property" within his home and the homes of class members.  See, e.g., Compl. ¶ 8

("These Windows suffered a loss of seal, began to exhibit mineral deposits and mold,

causing a breakdown in the structural integrity of the Windows . . . causing damage to

other property within the home.").  However, he does not detail what this "other

property" is.  Without knowing what property was damaged by the allegedly defective

windows, the court cannot determine whether Hildebrand's losses are barred by New

York's broad interpretation of the economic loss doctrine.[2]  Furthermore, Hildebrand's

sparse allegations do not meet the Rule 8 pleading standard.

For these reasons, the court dismisses Count II without prejudice.

### 3.  Count VII – Unjust Enrichment

MIWD argues that Count VII must fail because Hildebrand has failed to plead

facts that demonstrate the elements of an unjust enrichment claim.

Under New York law, a plaintiff alleging unjust enrichment must show "that (1)

the other party was enriched, (2) at that party's expense, and (3) that it is against equity

and good conscience to permit [the other party] to retain what is sought to be recovered."

Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1110 (N.Y. 2011) (internal

quotation marks omitted); see also Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000).

An unjust enrichment claim "requires some type of direct dealing or actual, substantive

relationship with a defendant."  Redtail Leasing, Inc. v. Bellezza, No. 955191, 1997 WL

603496, at *8 (S.D.N.Y. Sept. 30, 1997).

Hildebrand argues that MIWD directly benefitted from his purchase of the

defective windows, "even though Plaintiff was an indirect purchaser."  Pl.'s Mem. in

Opp'n to Mot. to Dismiss 17.  He suggests that MIWD benefitted by not expending

resources necessary to fulfill its warranties.  Id.  He also speculates that MIWD was

---

[2] The pleadings in Hildebrand's complaint differ from the pleadings in at least two other cases in this multidistrict litigation.  For example, in Walsh v. MI Windows & Doors, Inc., No. 12-cv-02238, plaintiff's amended complaint alleges damage to "other personal property."  In Meifert v. MI Windows & Doors, Inc., No. 12-cv-01256, plaintiffs' amended complaint also alleges damage to "other personal property."  While these allegations are by no means highly detailed, they sufficiently notify MIWD as to the specific category of loss allegedly suffered by the plaintiffs.  The amended complaints in Walsh and Meifert state plausible claims for relief because the alleged damage to "personal property" is not specifically barred by the economic loss rule.  By contrast, Hildebrand's allegation that damage has been done to "other property" is simply too vague to notify MIWD as to the kind of damages Hildebrand has suffered.

enriched because "[h]ad Plaintiff known of the defective condition of Defendant's defective Windows and refused to purchase the home on such basis the value of the Defendant's Windows would have plummeted." Id.

Hildebrand's legal gymnastics do not amount to a cognizable unjust enrichment claim. First, none of these arguments are supported by factual allegations contained in the complaint. Second, even if the complaint did include such allegations, they would not change the fact that Hildebrand did not purchase the windows from MIWD. It is difficult to imagine how Hildebrand could have had "some type of direct dealing or actual, substantive relationship" with MIWD when Hildebrand's counsel stated at the hearing that, "Mr. Hildebrand is a subsequent purchaser. He had purchased a home from a buyer who had dealt with the builder, who had built the home." Hr'g. Tr. 9:20-23; see also Hr'g. Tr. 10:2-14. The windows in Hildebrand's house may have been purchased by the home's builder or by its original owner. In any event, Hildebrand did not purchase the windows from MIWD.

Because Hildebrand has not properly alleged that MIWD was enriched at his expense, Count VII will be dismissed without prejudice.

### 4. Count VIII – Declaratory Relief

MIWD argues that Hildebrand's claim for declaratory relief cannot stand because there is no basis for providing such relief, and because the relief Hildebrand seeks can be addressed through substantive tort or contract law claims.

The Declaratory Judgment Act states,

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

9

28 U.S.C.A. § 2201. The Declaratory Judgment Act is intended to help parties resolve legal disputes before either party can seek or has sought a coercive remedy through the courts. 10B Charles Alan Wright & Arthur A. Miller, <u>Federal Practice and Procedure</u> § 2751 (3d ed. 1998).

Hildebrand has styled his request for declaratory relief as a separate count of the complaint. He asks the court to declare that MIWD's windows are MIWD's windows are defective and that certain provisions of MIWD's warranty are void as unconscionable. Compl. ¶¶ 91(a)-(b). Hildebrand also asks the court to grant several forms of relief, including ordering MIWD to reassess all prior warranty claims and pay the full cost of repairs and damages. <u>Id.</u> ¶ 91(f).

Declaratory relief is inappropriate at this stage, as the merits of Hildebrand's substantive claims have not been adjudicated. <u>See, e.g.</u>, <u>Cambridge Medical, P.C. v. Allstate Ins. Co.</u>, --- F. Supp. 2d ---, No. 11-4044, 2012 WL 5077481, at *5 (E.D.N.Y. Oct. 16, 2012) (denying a motion for declaratory relief where the underlying substantive claims could not be dispensed with on a motion to dismiss); <u>Monster Daddy LLC v. Monster Cable Prods., Inc.</u>, No. 10-1170, 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2011) (dismissing three declaratory relief counterclaims because they "raise the same legal issues that are already before the court"). At the hearing on this motion to dismiss, lead plaintiffs' counsel agreed with the court that Mr. Hildebrand's declaratory judgment claim "may be premature." Hr'g. Tr. 14:24-15:4.

As a result, Count VIII will be dismissed without prejudice.

### 5. Estoppel from Pleading and Tolling of Applicable Statutes of Limitation

Finally, MIWD also asks the court to strike Hildebrand's request for equitable tolling of the statute of limitations. "Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). In New York, equitable tolling "is applied only in rare circumstances when the defendant's fraudulent conduct either conceals the existence of a cause of action or acts to delay Plaintiff from commencing a lawsuit." Statler v. Dell, Inc., 841 F. Supp. 2d 642, 647 (E.D.N.Y. 2012). A plaintiff seeking equitable tolling of the statute of limitations "must show that Defendant's action rendered Plaintiff unable, despite his due diligence, to commence a timely action." Id.

The court finds it unnecessary to strike the allegations regarding equitable tolling from the complaint, since all counts of the complaint will be dismissed without prejudice. At this time, the court denies MIWD's request to strike.

## IV.   CONCLUSION

Based on the foregoing, the court **STRIKES** plaintiff's "amended complaint"; **GRANTS** defendant's motion to dismiss; **DISMISSES** all counts of the complaint **WITHOUT PREJUDICE**; and **DENIES** defendant's motion to strike. Plaintiff shall have leave to re-file an amended complaint within 20 days of the filing of this order, or else the clerk will be directed to close this case.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 7, 2012**
**Charleston, South Carolina**